# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10063
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 19, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICKEY GORDON MCCLENDON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-156-4

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Mickey Gordon McClendon appeals the sentence imposed following his guilty plea conviction of conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine. The district court sentenced him within his guidelines range to 151 months of imprisonment and four years of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10063

In his first argument, McClendon argues, as he did in the district court, that the drug quantity attributable to him was improperly calculated. He argues that the information upon which the district court relied to make its factual findings was unreliable, contrary to his own testimony, and based on hearsay.

We review the district court's determination of drug quantity for clear error and will affirm the finding as long as it is "plausible in light of the record read as a whole." *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (internal quotation marks and citations omitted). The court may extrapolate drug estimates "from any information that has sufficient indicia of reliability to support its probable accuracy," including the uncorroborated testimony of a coconspirator. *United States v. Valdez*, 453 F.3d 252, 267 (5th Cir. 2006) (internal quotation marks and citation omitted); *see United States v. Gaytan*, 74 F.3d 545, 558 (5th Cir. 1996). "Credibility determinations in sentencing hearings are peculiarly within the province of the trier-of-fact." *United States v. Sotelo*, 97 F.3d 782, 799 (5th Cir. 1996) (internal quotation marks and citation omitted).

McClendon did not present convincing rebuttal evidence to refute the factual recitation set forth in the presentence report (PSR), which was "supported by an adequate evidentiary basis with sufficient indicia of reliability." *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012). Accordingly, he did not carry his burden of demonstrating that the information in the PSR is "materially untrue, inaccurate or unreliable." *Id.* (internal quotation marks and citation omitted). In light of the interview statements of McClendon's coconspirators, McClendon's own statements following his arrest, and the testimony of a case agent at McClendon's sentencing hearing, the determination that McClendon was accountable for 859.19 grams of

2

methamphetamine is plausible in light of the record as a whole. *See Betancourt*, 422 F.3d at 246.

Additionally, McClendon maintains that his sentence is substantively unreasonable for an individual such as himself "who is a drug addict at best and an errand runner at worst." We examine the substantive reasonableness of the sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Here, the district court had before it McClendon's arguments for a lesser sentence but decided that a sentence at the bottom of his guidelines range was appropriate. "[T]he sentencing judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). McClendon has not rebutted the presumption of reasonableness applicable to his sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Washington*, 480 F.3d 309, 314 (5th Cir. 2007).

The judgment of the district court is **AFFIRMED**.